United States District Court
for the
Southern District of Florida

| | |
|---|---|
| 3M Company, Plaintiff,<br><br>v.<br><br>Dreside and Navitelia Industries Inc., Defendants. | )<br>)<br>)<br>) Civil Action No. 20-24489-Civ-Scola<br>)<br>)<br>) |

### Order On *Ex Parte* Motion For Temporary Restraining Order And Setting Hearing

This matter is before the Court upon Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctive Relief ("TRO Motion"). The Court having reviewed the TRO Motion and being otherwise duly advised in the premises **grants** the Plaintiff's application for temporary restraining order. (**ECF No. 9**.)

Until further order of the Court, it is **ordered and adjudged** that the Defendants, their agents, servants, employees, officers and all persons and entities in active concert and participation with Defendants during the pendency of this action, are:

  a. preliminarily enjoined and restrained from using the "3M" trademarks (the "3M Marks") and any other word, name, symbol, device, or combination thereof that is confusingly similar to the 3M Marks, for, on, and/or in connection with the manufacture, distribution, advertising, promoting, offering for sale, and/or sale of any goods or services, including, without limitation, Plaintiff's 3M-brand N95 respirators;
  b. preliminarily enjoined and restrained from engaging in any false, misleading, and/or deceptive conduct in connection with 3M and its products, including, without limitation, representing itself as being an authorized distributor, vendor, agent, representative, retailer, and/or licensee of 3M and/or any of 3M's products (including, without limitation, 3M-brand N95 respirators);
  c. preliminarily enjoined and restrained from falsely representing to have an association or affiliation with,

> > sponsorship by, and/or connection with, 3M and/or any of 3M's products;
> > d. preliminarily enjoined and restrained from offering to sell any of 3M's products at a price and/or in a manner that would constitute a violation of Fla. Stat. §§ 495.151, 495.131, and Florida Common Law; and
> > e. preliminarily enjoined and restrained from moving, destroying, altering, hiding, concealing or otherwise disposing of any 3M-branded respirators or materials, products, records or electronic data in their possession relating to 3M respirators or any of the conduct alleged in the Complaint in this action.

By **November 18, 2020**, pursuant to Fed. R. Civ. P. 65(c), the Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment for damages to which the Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice. The Plaintiff shall file a notice with the Court confirming the bond has been paid by that same date.

The Court will hold a hearing in this matter on **November 24, 2020, at 8:30 a.m.**, at which time the Defendants and/or any other affected persons may challenge the appropriateness of or move to dissolve this order. The Court will also hear argument on Plaintiff's requested preliminary injunction. The hearing will occur via videoconference. Details to join the videoconference will be provided on the docket in advance of the hearing.

The Defendants must serve any response or opposition to the Plaintiff's motion on the Plaintiff's counsel by **November 20, 2020**. By that same date, the Defendants must also file their response or opposition with the Court, along with proof of service. Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, 28 U.S.C. § 1651(a), and this Court's inherent authority.

By **November 16, 2020**, the Plaintiff must serve a copy of this order and the complaint on all the Defendants via FedEx or hand-delivery. The Plaintiff must file a notice with the Court by **9:00 a.m. on November 18, 2020**, confirming that all the Defendants have been served with this order and with the complaint.

The above dates may be revised upon stipulation by the parties and approval of the Court. This order shall remain in effect until the Court rules on the Plaintiff's motion for preliminary injunction, or until such further date as set by the Court or stipulated to by the parties.

**Done and ordered** at Miami, Florida, on November 12, 2020.

Robert N. Scola, Jr.
United States District Judge