UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 20-24489-CV-SCOLA/GOODMAN

3M COMPANY,

      Plaintiff,

v.

DRESIDE AND NAVITELIA INDUSTRIES INC.,

      Defendants.
_____/

**DECLARATION OF GUILLERMO LOPEZ**

I, Guillermo Monguio, pursuant to 28 U.S.C. § 1746, and upon penalty of perjury, declare as follows:

1. My name is Guilermo Lopez, I am over the age of 21 and am qualified to make this Declaration. I am a resident of the State of Florida. I declare under penalty of perjury that the statements herein are true and correct and are within my personal knowledge.

2. I am a principal of Dreside and Nevitelia Industries, Inc. ("Defendants"), and have been personally involved in the business raised in 3M's lawsuit against Defendants. Defendants specialize in logistics and procurement and its team members have years of experience in this area.

3. Defedants are family-owned small businesses that have always done business in an honest way, provided its customers full transparency, and have never sought to take advantage of the current pandemic.

4. The facts outlined below, which 3M would have learned had it reached out prior to filing suit, show that Defendants have taken every conceivable step to ensure that it does business in a competitive, moral way without stepping on 3M's rights.

5. On or about Tuesday, November 10, 2020, counsel for 3M sent an email to me with a copy of 3M's Motion for Temporary Restraining Order and Preliminary Injunction, and the Court's order granting *exparte* relief.

6. I have reviewed the Complaint and the request for a Temporary Restraining Order and Motion for Preliminary Injunction filed against Dreside and Nevitelia Industries, Inc.

7. The allegations related to misrepresentations about Defendants intentionally and knowingly selling counterfeit 3M brand N95 respirators (the "masks") are categorically false. Defendants never *intentionally* or *knowingly* sold or attempted to sell counterfeit masks and products. Any such action was a result of misrepresentations made to Defendants regarding the genuine authenticity of the 3M masks and products during Defendants procurement of the masks and products.

8. Defendants' third-party procurement company ("Supplier") "represents and warrants that all product purchased from the Supplier is bona-fide 3M product and not a forgery or counterfeit, and that it complies with 3M Health Care Particulate Respirator and Surgical Masks."

9. Therefore, Defendants' representations to its potential customers that it is selling or distributing genuine 3M masks and products is a true statement.

10. The Supplier has represented to Defendants that it has the right to purchase 3M N95 Surgical Masks from a European distributor who has access to and/or contractual rights to allocations from 3M factories in Europe.

11. Defendants required Supplier to provide Defendants with a 3M authorization certificate verifying it procured the masks and products from "an official representative of 3M . . . for the purpose of promoting, distributing and sales of 3M Healthcare Surgical and Infection Prevention Medical devices and products."

12. Defendants have taken reasonable precautions to ensure that it does not put mislabeled counterfeit 3M masks and 3M products into the stream of commerce. Defendants would not knowingly do so and has no interest in doing so.

13. To the best of my personal knowledge, Defendants have not represented that it has a direct contract as an authorized distributor with 3M or is licensed by or certified by 3M.

14. Defendants have conducted due diligence through multiple phone conversations, its internal research, the representations and warranties from its Supplier that the masks and products Defendants were procuring and selling were genuine 3M products. I was not aware that the masks and products were counterfeit until initiation of this suit. Prior to this, I had not seen any reason to doubt the masks and products authenticity.

15. Defendents wish to cooperate fully with Plaintiff, and have complied fully with the terms of the Court's Order granting 3M's Ex Parte Motion For Temporary Restraining Order on November 12, 2020.

16. Plaintiff and Defendants continue to amicably work towards resolve of these issues, and on December 8, 2020, Defendants emailed 3M's counsel informaton requested by 3M which included names of Defendants suppliers, distrubutors, customers, sales, and inventory. Defendants have been fully cooperative and trasnparent, as it is Defendants priority to maintain a positiverelationship with 3M.

17. A broad injunction prohibiting Defendants from selling authentic 3M masks and products would result in significant monetary damage to Defendants, and moreoever, hinder 3M's ability of meeting the growing global demand for its masks and products.

Guillermo Lopez
*Authorized representative for Dreside and Navatelia Industries, Inc.*