United States District Court
for the
Southern District of Florida

| | |
|---|---|
| 3M Company, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-24489-Civ-Scola |
| | ) |
| Dreside and Navitelia Industries Inc., Defendants. | ) |

### Consent Judgment And Permanent Injunction

WHEREAS Defendants Dreside and Navitelia Industries, Inc. ("Defendants") and Plaintiff 3M Company ("3M") (collectively, the "Parties"), have agreed to finally resolve any and all disputes between them, including the claims against Defendants in the above-captioned litigation (the "Litigation");

WHEREAS the resolution of these disputes includes any potential claim by Plaintiff for damages and attorneys' fees and costs incurred to date in connection with the Litigation; and

WHEREAS the Defendant and Plaintiff have agreed to entry of a Consent Judgment and Permanent Injunction on the following terms, and the Defendant has agreed not to appeal any part of this stipulated Consent Judgment and Permanent Injunction;

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 15 U.S.C. § 1116, Defendant are permanently enjoined from:
   A. Using the 3M Marks, and any other word, name, symbol, device, or combination thereof that is confusingly similar to the 3M Marks, for, on, and/or in connection with the manufacture, distribution, advertising, promoting, brokering, offering for sale, and/or sale of any goods or services, including, without limitation, Plaintiff's 3M-brand N95 respirators; and
   B. Claiming to be (1) agents, distributors, employees, or contractors of 3M, and/or (2) in any way affiliated with or have a relationship with 3M, its distributors, its legal department, or any 3M employees, regardless of department, in connection with the manufacture, distribution, advertising, promoting, brokering, offering for sale, and/or sale of any goods or

    services, including, without limitation, Plaintiff's 3M-brand N95 respirators.

2. Pursuant to 15 U.S.C. § 1118, Defendants will promptly and immediately return to 3M any unauthorized goods and materials within the possession, custody, and control of Defendants that bear, feature, and/or contain any copy or colorable imitation of 3M's Marks.
3. Defendants have agreed to pay the amount of $2,500.00 to 3M as a full and complete settlement of the claims against them.
4. Defendants have waived notice and service of entry of the Consent Judgment and Permanent Injunction, and have agreed that violation of the Consent Judgment and Permanent Injunction will expose Defendants to all penalties provided by law. Defendants agree not to appeal or otherwise attack the validity or enforceability of the Consent Judgment and Permanent Injunction.
5. Any claims for damages and attorneys' fees and costs related to this Litigation and incurred through the date of entry of this Consent Judgment and Permanent Injunction have been resolved between the parties and are hereby disposed of by this Order. Nothing herein will be construed to prohibit 3M from seeking its attorneys' fees and costs in connection with any actions taken to enforce this Consent Judgment and Permanent Injunction in the future.
6. Entry of this Consent Judgment and Permanent Injunction resolves the Litigation and is binding and preclusive with respect to the Parties. But the Consent Judgment and Permanent Injunction do not preclude Defendants from contesting liability against any other party in any other matter or proceeding.
7. This Court will maintain continuing jurisdiction over this action for the purpose of enforcing this Consent Judgment and Permanent Injunction and Settlement Agreement. 3M is authorized to seek to enforce the terms of this Consent Judgment and Permanent Injunction, and 3M will be entitled to its reasonable attorneys' fees and costs incurred for any action to enforce the terms of this Consent Judgment and Permanent Injunction based on the Defendants' failure to comply, in any way, with their obligations set forth within.

    The parties' Consent Judgment and Permanent Injunction shall constitute a final judgment in this action. The Clerk is directed to **close** this case. All pending motions, if any, are **denied as moot**. Finally, the hearing the Court set for February 12, 2021 at 9:00 a.m. is **cancelled**.

**Done and ordered** at Miami, Florida, on February 5, 2021.

Robert N. Scola, Jr.
United States District Judge

The foregoing Consent Judgment and Permanent Injunction has been agreed and consented to by the parties:

Dated: February 4, 2021        **BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Timothy A. Andreu*

Timothy A. Andreu, (FB# 443778)
North Tampa Street, Suite 2200
Tampa, FL  33602
Tel:  813-559-5500
Fax:  813-229-5946
tandreu@bradley.com

and

J. William Manuel (pro hac vice)
One Jackson Place, Suite 1000
188 E. Capitol Street
Jackson, MS  39201
Tel:  601-948-8000
Fax:  601-948-3000
wmanuel@bradley.com

*Attorneys for 3M Company*

Dated: February 4, 2021        **ANTONIO G HERNANDEZ PA**

*s/ Antonio G. Hernández*
Antonio G. Hernández (FB# 164828)
2525 Ponce De Leon Boulevard
Coral Gables, FL  33134
Tel:  305-282-3698
Email:  hern8491@bellsouth.net

*Attorney for Dreside and Navitelia Industries, Inc.*